PEOPLE v FARAH

Docket No. 181235. Submitted October 12, 1995, at Detroit. Decided
     October 24, 1995, at 9:15 A.M. Leave to appeal sought.
   Daniel T. Farah pleaded nolo contendere in the Macomb Circuit
     Court, George C. Steeh J., to a charge of possession of 50 or
     more but less than 225 grams of cocaine and was sentenced to
     a prison term of seven to twenty years. The defendant ap-
     pealed.
     The Court of Appeals *held:*
     The fact that the trial court at the plea proceeding on
     remand asked the defendant if he understood that the maxi-
     mum penalty was "up to" twenty years in prison evidences that
     the court recognized that it had discretion to sentence the
     defendant to a maximum term of less than twenty years.
     Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Carl J. Marlinga,* Prose-
cuting Attorney, and *Robert John Berlin,* Chief
Appellate Attorney, for the people.

State Appellate Defender (by *Jennifer A. Pi-
lette*), for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and O'CONNELL
and J. R. GIDDINGS,* JJ.

PER CURIAM. Defendant pleaded guilty before
Circuit Court Judge George R. Deneweth of posses-
sion with intent to deliver at least 50, but less
than 225 grams of cocaine, MCL 333.7401(2)(a)(iii);
MSA 14.15(7401)(2)(a)(iii). The court, George C.
Steeh, J., Judge Deneweth's successor, sentenced
defendant on December 10, 1990, to serve ten to

* Circuit judge, sitting on the Court of Appeals by assignment.

twenty years in prison. Defendant appealed as of right, MCR 7.203, and on June 11, 1993, this Court remanded to the trial court to allow defendant to withdraw his plea and to move for resentencing pursuant to MCR 7.211(C)(1). On August 23, 1994, defendant pleaded nolo contendre to the same charge before Judge Steeh, and, on October 11, 1994, the court resentenced defendant to a term of seven to twenty years' imprisonment with credit for fourteen hundred days served.

Defendant appeals the sentence as of right claiming that the sentencing judge did not properly exercise discretion in imposing the maximum sentence of twenty years. A review of the resentencing proceedings convinces this Court that Judge Steeh was aware that the maximum sentence was twenty years and that he had discretion to impose a maximum sentence less than the twenty years. The court's question to the defendant during the plea evidenced that awareness:

> You understand that the maximum penalty for violating this charge is up to twenty years in prison?

The phrase "up to" satisfies this Court that the trial court had a clear understanding of its discretion in this sentencing.

The judgment of conviction and the sentence of the trial court of October 11, 1994, are affirmed.

Affirmed.