# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAYLUN ANTONIO FULLER,

        Defendant-Appellant.

UNPUBLISHED
April 14, 2015

No. 320395
Saginaw Circuit Court
LC No. 10-034496-FJ

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Defendant, Jaylun Antonio Fuller, appeals as of right his sentences for convictions of armed robbery, MCL 750.529, conspiracy to commit armed robbery, MCL 750.529 and MCL 750.157a, carjacking, MCL 750.529a, conspiracy to commit carjacking, MCL 750.529a and MCL 750.157a, felonious assault, MCL 750.82, first-degree home invasion, MCL 750.110a(2), third-degree fleeing and eluding a police officer, MCL 750.479a, and resisting or obstructing a police officer, MCL 750.81d(1). We affirm.

## I. FACTS

This Court upheld Fuller's convictions in a prior appeal, but remanded for resentencing because the trial court improperly assessed some of the sentencing guidelines variables. *People v Fuller*, unpublished opinion per curiam of the Court of Appeals, issued November 7, 2013 (Docket No. 308316). At resentencing, Fuller contended that the trial court improperly scored prior record variables (PRVs) 3 and 5 because there was no evidence that he had the assistance of counsel at his prior juvenile adjudications. Fuller's presentence investigation report indicated that it was "[u]nknown" whether Fuller had an attorney.

In response to Fuller's motion, the prosecution contended that its records showed that Fuller had waived his right to an attorney at his first adjudication and was represented by counsel at his second adjudication. The prosecution did not provide the trial court with the documents.[1]

---

[1] The prosecution attached copies of these documents to its brief on appeal, but this Court does not generally permit such expansion of the record. MCR 7.210(A)(1); *People v Shively*, 230 Mich App 626, 628 n 1; 584 NW2d 740 (1998).

The trial court determined that Fuller had not demonstrated that he lacked an attorney at his juvenile adjudications and assessed points under PRVs 3 and 5.

## II. ANALYSIS

Fuller contends that the prosecution did not meet its burden to establish that an attorney was present at his juvenile adjudications. We disagree.

We review de novo the interpretation and application of the sentencing guidelines. *People v Portellos*, 298 Mich App 431, 446; 827 NW2d 725 (2012). When sentencing a defendant, the trial court may not consider prior convictions or juvenile adjudications that were obtained in violation of a defendant's right to the assistance counsel. *People v Alexander*, 234 Mich App 665, 670; 599 NW2d 749 (1999). However, we presume that the defendant's prior proceedings were constitutionally sufficient, and "[a] defendant who collaterally challenges a prior conviction bears the initial burden of establishing that the conviction was obtained without counsel or a proper waiver of counsel." *Id*.

Fuller's assertion that the burden was on the prosecution in this case is simply incorrect. The evidence that Fuller had two juvenile adjudications was sufficient to support the trial court's decision to score PRVs 3 and 5. As the party collaterally attacking the validity of those adjudications, the burden was on Fuller to establish that they were constitutionally deficient. Because courts presume that prior criminal proceedings were sufficient, the presentence investigation report's statement that it was "unknown" whether Fuller had an attorney, standing alone, did not establish that Fuller was deprived of counsel. Fuller failed to present any evidence that his convictions were actually obtained without counsel or a proper waiver of counsel.

We conclude that the trial court did not err when it determined that Fuller did not sustain his burden to show that his prior adjudications were constitutionally deficient. The trial court properly scored PRVs 3 and 5 in this case.

Affirmed.

/s/ Peter D. O'Connell
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola