# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

EUGENE ROY SHAW,

        Defendant-Appellant.

UNPUBLISHED
September 14, 2017

No. 332405
Wayne Circuit Court
LC No. 15-009447-01-FC

Before: O'BRIEN, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(c) (sexual penetration occurring under circumstances involving commission of another felony), and assault with a dangerous weapon (felonious assault), MCL 750.82. Defendant was sentenced, as a second habitual offender, MCL 769.10, to 29.66 to 75 years' imprisonment for the CSC-I conviction, and two to six years' imprisonment for the felonious assault conviction. We affirm.

This appeal arises out of defendant's violent sexual assault of the complainant at defendant's home. On appeal, defendant raises an evidentiary challenge, as well as a challenge to the scoring of offense variables (OVs) 4 and 7, pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015).

## I. EVIDENTIARY ISSUES

Defendant argues that the admission of evidence relating to his prior ownership of a shotgun was collateral and, therefore, inadmissible under MRE 608(b). Defendant also asserts that the admission of this evidence opened the door to the improper admission of other-acts evidence, specifically an almost identical allegation of sexual assault from 2009, in violation of MRE 404(b)(1). Defendant also contends that admission of the other-acts evidence violated his rights under the Confrontation Clause where the complainant in the other sexual assault case did not testify in the present matter.

This Court reviews preserved evidentiary claims for an abuse of discretion. *People v McDaniel*, 469 Mich 409, 412; 670 NW2d 659 (2003). A trial court abuses its discretion when it chooses an outcome outside of the principled range of outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003). Preserved evidentiary errors only require reversal where, after

an examination of the entire record, it affirmatively appears more probable than not that the trial court's error was outcome-determinative. *People v Burns*, 494 Mich 104, 110; 832 NW2d 738 (2013).

## A. COLLATERAL AND OTHER-ACTS EVIDENCE

During direct examination, defendant was asked whether he had used a sword to coerce the complainant into having sexual intercourse with him, to which defendant replied: "Really, no, I don't have a history. I don't carry a gun. [The complainant] tried to say I had a gun." On cross-examination, the prosecution asked defendant if he had ever kept guns in the house, to which defendant replied that he used to own a shotgun, but he sold it and no longer keeps guns. The prosecution then sought to introduce evidence of a prior alleged sexual assault from 2009 where, during the course of the police investigation, a 12-gauge Remington shotgun was confiscated from defendant's home. The 12-gauge Remington shotgun was allegedly used in the 2009 sexual assault the same way the sword was used in the instant case: to coerce the complainant into having sexual intercourse with defendant.

MRE 608(b) provides, in pertinent part, as follows:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Defendant's argument that MRE 608(b) precluded the admission of defendant's past gun ownership as collateral evidence relies on the assumption that whether defendant had previously owned a gun, and why he no longer owned a gun, was introduced solely to attack defendant's credibility. However, a review of the record as a whole reflects that the prosecution did not seek to introduce this evidence solely to attack defendant's credibility, but dovetailed its admission with the presentation of other-acts evidence.

MRE 404(b) provides, in pertinent part, that although:

(1) [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith[,] [i]t may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

(2) The prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial and the

rationale, whether or not mentioned in subparagraph (b)(1), for admitting the evidence.

The Michigan Supreme Court recently observed that the first sentence of MRE 404(b)(1) "represents the deeply rooted and unwavering principle that other-acts evidence is inadmissible for propensity purposes." *People v Denson*, ___ Mich ___, ___; ___ NW2d ___ (2017) (Docket No. 152916); slip op at 9 (citations omitted). MRE 404(b) is a rule of inclusion, and allows for the admission of evidence of other-acts if that evidence is offered for a proper purpose, is relevant, and its probative value is not substantially outweighed by the danger of unfair prejudice. *People v King*, 297 Mich App 465, 476; 824 NW2d 258 (2012); MRE 403. Evidence is relevant when it bears on the credibility of a witness. *King*, 297 Mich App at 476-477. Further, "[a]s the finder of fact, the jury is generally entitled to weigh all evidence that might bear on the truth or accuracy of a witness's testimony." *Id*. at 477, citing *People v Layher*, 464 Mich 756, 765; 631 NW2d 281 (2001).

In this case, the prosecution provided notice to defendant that it intended to introduce other-acts evidence at trial, as required by MRE 404(b)(2). Additionally, the trial court duly considered whether the evidence was offered for a proper, non-propensity purpose by evaluating its logical relevance. *Denson*, ___ Mich at ___; slip op at 12-13. The *Denson* Court recognized that other-acts evidence will be held to be "logically relevant if two components are present: materiality and probative value." *Id*. at ___; slip op at 13. In accordance with *Denson*, the trial court weighed the materiality of the proffered evidence, that is "the requirement that the other-acts evidence be related to 'any fact that is of consequence' to the action." *Id.*, at ___; slip op at 13, quoting MRE 401 (quotation marks and citation omitted). In its bench ruling, the trial court noted that the proffered evidence ought to be admitted where defendant testified that he did not commit the charged offenses and where he testified that he sold a shotgun he once owned and no longer possessed firearms. The trial court also factored into its determination the probative value of the proffered evidence. "Evidence is probative if it tends 'to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " *Denson* ___ Mich at ___; slip op at 14, quoting MRE 401, and citing *People v Crawford*, 458 Mich 376, 389-390; 582 NW2d 785 (1998). Again, the trial court noted that the challenged evidence was admitted to discredit defendant's contention that he did not possess firearms or commit the charged offenses, as well as to show a common scheme, plan, or system defendant maintained in committing sexual assault offenses. MRE 404(b)(1).

Specifically, the record confirms that in 2009, defendant was investigated for a prior sexual assault. During that alleged incident, defendant picked up the complainant from a gas station at John R and Seven Mile Road after she asked defendant for a ride. The two then went back to defendant's house, where defendant forced the complainant to have sex with him, even though she did not want to because she was menstruating. While having sex, defendant grabbed the complainant by the neck and began choking her. At that point, the complainant screamed, and defendant used a shotgun to "pry" her legs open in an effort to continue having sex with her. Similarly, defendant picked up the complainant in the instant case from a gas station at John R and Six Mile Road, and took her back to his house. The complainant indicated that she did not wish to have sexual intercourse with defendant because she was menstruating, but the pair did engage in consensual oral sex. Afterwards, defendant and the complainant watched a movie together, and the complainant fell asleep. After she woke up, defendant forced her into having

sexual intercourse by threatening her with a sword. Defendant used the sword to pry the complainant's legs open, and began choking her. The complainant fought back, and eventually was able to escape from the house.

The alleged 2009 sexual assault was almost factually identical to the sexual assault in the instant case, including the fact that defendant used the shotgun in the alleged 2009 incident in the same manner in which he used the sword here, i.e., forcing the complainant to have sexual intercourse. Thus, reference to defendant's previous ownership of a shotgun, the ultimate disposition of the shotgun by the police, as well as the allegations pertaining to the 2009 sexual assault, were admissible to demonstrate defendant's common plan, scheme or system with respect to sexual assault. *People v Sabin* (*After Remand*), 463 Mich 43, 63; 614 NW2d 888 (2000) (recognizing that evidence of "similar misconduct" is admissible where "logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently similar to support an inference that they are manifestations of a common plan, scheme, or system"). Put simply, we are not persuaded that this was a case where the proffered evidence was admitted for the improper purpose of demonstrating "defendant's allegedly bad character and propensity to commit the charged offense[s]." *Denson*, ___ Mich at ___; slip op at 18. Accordingly, for the reasons stated above, we disagree with defendant's contention that MRE 608(b) and MRE 404(b)(1) precluded admission of the challenged evidence.[1]

## B. CONFRONTATION CLAUSE CHALLENGE

Defendant next argues that the admission of the other-acts evidence violated his rights under the Confrontation Clause because the complaining witness in the alleged 2009 sexual assault did not testify at trial, and therefore defendant did not have the opportunity to test the veracity of her story through cross-examination.

This Confrontation Clause argument was not properly preserved where defendant did not object to the admission of the evidence on those grounds. *People v McPherson*, 263 Mich App 124, 137; 687 NW2d 370 (2004). Whether a defendant was denied the right of confrontation involves a question of constitutional law that this Court typically reviews de novo. *People v Fackelman*, 489 Mich 515, 524; 802 NW2d 552 (2011). However, unpreserved Confrontation Clause issues are reviewed for plain error affecting substantial rights. *People v Henry* (*After Remand*), 305 Mich App 127, 152; 854 NW2d 114 (2014) (citation omitted). A defendant must show (1) an error occurred, (2) the error was plain, and (3) the plain error impacted substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Generally, to show the

---

[1] We also disagree with defendant's contention that the prosecution relied on inadmissible hearsay evidence to establish that defendant committed the alleged 2009 sexual assault. While defendant points to a 1980 decision from this Court, *People v Cook*, 95 Mich App 645, 655-656; 291 NW2d 152 (1980), the present case is factually distinguishable where defendant himself testified regarding his recollection of the relevant events pertaining to the alleged 2009 sexual assault. We also observe that *Cook* was decided before November 1, 1990, and is, therefore, not binding precedent. MCR 7.215(J)(1).

error affected substantial rights, it must be established "that the error affected the outcome of the lower court proceedings." *Id*. (Citation omitted.)

Both the United States and Michigan Constitutions protect a defendant's right to be confronted with a witness testifying against him in a criminal trial. US Const, Am VI; Const 1963, art 1, § 20. "The Confrontation Clause of the Sixth Amendment bars the admission of testimonial statements of a witness who did not appear at trial, unless the witness was unavailable to testify and the defendant had a prior opportunity to cross-examine the witness." *People v Walker* (*On Remand*), 273 Mich App 56, 60-61; 728 NW2d 902 (2006) (quotation marks and citation omitted). "The right of confrontation insures that the witness testifies under oath at trial, is available for cross-examination, and allows the jury to observe the demeanor of the witness." *People v Yost*, 278 Mich App 341, 370; 749 NW2d 753 (2008) (quotation marks and citation omitted).

Defendant's rights under the Confrontation Clause were not violated where the complainant's statements to the police during the investigation of the alleged 2009 sexual assault were not admitted as evidence. Likewise, the police report from the 2009 investigation was not admitted as evidence. Instead, the jury heard about the prior accusations against defendant by way of defendant's answers to questions from the prosecution. An attorney's questions are not evidence. *People v Dobek*, 274 Mich App 58, 66 n 3; 732 NW2d 546 (2007) (recognizing that counsel's statements and arguments during trial are not evidence).[2] In response to the prosecution's questions regarding the alleged 2009 incident, defendant testified that he was investigated by the police for three days regarding an incident where he picked up the complainant around John R and Seven Mile Road, brought her back to his house, and had sex with her. Defendant also testified that the police asked him whether he had grabbed the complainant by her neck during the incident, and whether, at some point, he had pointed a weapon at her. Defendant also testified that he may have been criminally charged regarding the incident in 2015, he just could not recall. Therefore, where defendant testified regarding the nature of the 2009 sexual assault allegations and the subsequent investigation, we are not persuaded that plain error occurred. *Carines*, 460 Mich at 763.

## II. SCORING ISSUES

Defendant argues that he is entitled to resentencing, pursuant to *Lockridge*, because the trial court engaged in impermissible judicial fact-finding when scoring OV 4 and OV 7, which increased defendant's sentence, thereby violating defendant's Sixth Amendment rights.

---

[2] Further, the jury was instructed, using the Michigan Model Criminal Jury Instructions, that counsel's statements and questions are not evidence, and only the testimony of witnesses could be considered as such. See M Crim JI 2.5 ("Evidence includes only the sworn testimony of witnesses, the exhibits admitted into evidence, and anything else I tell you to consider as evidence."); M Crim JI 2.7 ("The questions the lawyers ask the witnesses are not evidence. Only the answers are evidence. You should not think that something is true just because one of the lawyers asks questions that assume or suggest that it is."). "[J]urors are presumed to follow their instructions." *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998).

Defendant failed to preserve this issue in the trial court by objecting on the basis of the Sixth Amendment. *Lockridge*, 498 Mich at 392. This Court reviews unpreserved constitutional claims for plain error. *Carines*, 460 Mich at 763. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.*

In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines were unconstitutional where they "*require[d]* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range[.]" *Lockridge*, 498 Mich at 364. The *Lockridge* Court held that the sentencing guidelines are now advisory only. *Id*. at 364, 399. Post-*Lockridge*, trial courts may still calculate OVs using judicially-found facts, but are no longer "*bound* by the applicable sentencing guidelines range." *Lockridge*, 498 Mich at 392. More recently, in *People v Steanhouse*, ___ Mich ___; ___; ___ NW2d ___ (2017) (Docket Nos. 152671, 152849, 152871, 152872, 152873, 152946, 152947, 152948); slip op at 2, 10, 20, the Michigan Supreme Court reaffirmed its holding that "the sentencing guidelines are advisory only." Specifically, the *Steanhouse* Court articulated that, "[w]hat made the guidelines unconstitutional, in other words, was the combination of the two mandates of judicial fact-finding and adherence to the guidelines." *Id.*; slip op at 10 (citation omitted).

Defendant was sentenced on March 8, 2016, after *Lockridge* was decided, and the sentencing guidelines became advisory only. *Lockridge*, 498 Mich at 399. The trial court was therefore bound to follow our Supreme Court's decision in *Lockridge*. See *People v Tierney*, 266 Mich App 687, 713; 703 NW2d 204 (2005) (the trial courts and the Court of Appeals are bound by opinions from the Supreme Court). Further, this Court presumes that the trial court was aware of *Lockridge* when defendant was sentenced. See *People v Alexander*, 234 Mich App 665, 675; 599 NW2d 749 (1999) (this Court presumes the trial court knows the law). Defendant fails to demonstrate that the trial court declined to follow *Lockridge*, and our review of the lower court record indicates that the trial court was aware of the *Lockridge* decision and adhered to that decision during sentencing. Put simply, defendant is unable to demonstrate that his Sixth Amendment rights were violated because judicial fact-finding in and of itself, without an "unconstitutional constraint on the court's discretion[,]" *Lockridge*, 498 Mich at 375, 392, is not prohibited by the Sixth Amendment. Thus, the trial court's reliance on judicially found facts to assess 10 points for OV 4 and 50 points for OV 7 was constitutionally permissible. Accordingly, defendant's claim is without merit.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Christopher M. Murray

-6-