**S T A T E   O F   M I C H I G A N**

**C O U R T   O F   A P P E A L S**

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JAMAR DESHAWN ALEXANDER,

       Defendant-Appellant.

UNPUBLISHED
November 28, 2017

No. 333896
Wayne Circuit Court
LC Nos. 16-002345-01-FC

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JAMAR DESHAWN ALEXANDER,

       Defendant-Appellant.

No. 334949
Wayne Circuit Court
LC No. 16-002346-01-FC

Before: METER, P.J., and BORRELLO and RIORDAN, JJ.

PER CURIAM.

A jury convicted defendant of five total charges, arising from two cases that were consolidated for trial. In LC No. 16-002345-01-FC, the jury convicted defendant of armed robbery, MCL 750.529, larceny from a motor vehicle, MCL 750.356a(1), and possession of a firearm during the commission of a felony, MCL 750.227b. In LC No. 16-002346-01-FC, the jury convicted defendant of armed robbery and felony-firearm. The trial court sentenced defendant to prison terms of 96 to 240 months for each robbery conviction, and 40 to 60 months for the larceny conviction, to be served concurrently, but consecutive to concurrent two-year terms of imprisonment for the felony-firearm convictions. Defendant appeals as of right in each case. We affirm defendant's convictions, but vacate and remand for resentencing.

Defendant was convicted of offenses related to two separate robberies that occurred at two different houses on the same block in Harper Woods, Michigan, on February 26, 2016. The prosecutor's theory was that shortly after midnight on February 26, defendant, acting in concert with codefendant Robert Gaines, robbed a Domino's pizza deliveryman, after defendant called in

-1-

a pizza order with his own cell phone. As Gaines interacted with the victim, defendant approached, brandished a gun, and demanded the victim's money. The victim turned over $160, and defendant removed the victim's iPhone from his car. Later, in the early evening of February 26, defendant's cell phone was used to order pizza from Hungry Howie's, and another victim made the delivery. After Gaines met the second victim in the front yard, defendant approached and robbed the victim of $130 at gunpoint. At the location of the first robbery, a "flop house" where defendant and others stayed, the police recovered defendant's cell phone, the first victim's iPhone, a BB pistol, two Hungry Howie's pizza boxes, and a Domino's pizza box. In a recorded interview, defendant confessed to participating in the robberies with Gaines, but testified at trial that he "made up a false confession" based on assurances made to him by the police. At trial, the defense denied that defendant participated in either robbery.

## I. EFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he was denied the effective assistance of counsel at sentencing because defense counsel agreed that 25 points was an appropriate score for offense variable (OV) 13 of the sentencing guidelines. Because defendant did not raise an ineffective assistance of counsel claim in the trial court, our review of this issue is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness under prevailing professional norms and that this performance caused him or her prejudice." *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013) (citation omitted). "To demonstrate prejudice, a defendant must show the probability that, but for counsel's errors, the result of the proceedings would have been different." *Id*.

Plaintiff correctly concedes that defense counsel's performance was deficient in failing to object to the 25-point score for OV 13, and that defendant was prejudiced by counsel's error. OV 13 "is continuing pattern of criminal behavior." The trial court must score 25 points for OV 13 if "[t]he offense was part of a pattern of felonious criminal activity involving three or more crimes against a person[.]" MCL 777.43(1)(c). Ten points must be scored if "[t]he offense was part of a pattern of felonious criminal activity involving a combination of 3 or more crimes against a person or property[,]" MCL 777.43(1)(d), and zero points is appropriate if [n]o pattern of felonious criminal activity existed[.]" MCL 777.43(1)(g). All crimes within a five-year period, including the sentencing offense, must be counted, MCL 777.43(2)(a), and a pattern of criminal activity may be based on multiple offenses arising from the same event. See *People v Harmon*, 248 Mich App 522, 532; 640 NW2d 314 (2001).

As defendant correctly observes, he has two offenses that qualify as "crimes against a person." Defendant was convicted of two counts of armed robbery, two counts of felony-firearm, and one count of larceny from a motor vehicle. Armed robbery qualifies as a crime against a person, MCL 777.16y. However, felony-firearm is not considered a crime against a person, *People v Bonilla-Machado*, 489 Mich 412, 416; 803 NW2d 217 (2011), and larceny from a motor vehicle is designated as a crime against property, MCL 777.16r. Contrary to defendant's assertion, however, a score of 10 points, instead of zero points, for OV 13 would be appropriate based on the combination of his two qualifying offenses against a person and one qualifying offense against property. See MCL 777.43(1)(d).

Defendant is entitled to resentencing because the score for OV 13 affects defendant's placement in the particular cell of the sentencing grid under which he was sentenced. In both LC Nos. 16-002345-01-FC and 16-002346-01-FC, the trial court scored the guidelines for defendant's conviction of armed robbery, which is a class A offense. MCL 777.16y. In both cases, defendant received a total OV score of 50 points, which combined with his 20 prior record variable points, placed him in the C-III cell of the applicable sentencing grid, for which the minimum sentence range is 81 to 135 months. MCL 777.62. The additional 15 points for OV 13 increased defendant's total OV score from 35 points to 50 points, which changed his placement in OV Level II (20-39 points) to OV Level III (40-59 points), resulting in a higher guidelines range. The guidelines range for the C-II cell of the applicable sentencing grid is 51 to 85 months. Because a defendant is entitled to be sentenced on the basis of accurate information and a scoring error that affects the appropriate guidelines range entitles a defendant to resentencing, *People v Francisco*, 474 Mich 82, 89 n 8; 711 NW2d 44 (2006); *People v Biddles*, 316 Mich App 148, 156; 896 NW2d 461 (2016), defendant was prejudiced by defense counsel's failure to object. Accordingly, we vacate defendant's sentences and remand for resentencing.

## II. JUDICIAL FACT-FINDING

We reject, however, defendant's additional argument that the trial court erred by engaging in judicial fact-finding to score OVs 10 and 12. Because defendant did not object on this basis at sentencing, this claim is unpreserved and review is limited to plain error affecting defendant's substantial rights. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines are constitutionally deficient, in violation of the Sixth Amendment, to the extent that they "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." *Id*. at 364. To remedy this deficiency, the Court held that the guidelines are advisory only. *Id*. at 365. Under *Lockridge*, however, trial courts are still required to "continue to consult the applicable guidelines range and take it into account when imposing a sentence," and are permitted to score the OVs using judicially-found facts. *Id*. at 392 n 28. As this Court explained in *Biddles*, 316 Mich App at 158,

> [t]he constitutional evil addressed by the *Lockridge* Court was not judicial fact-finding in and of itself, it was judicial fact-finding in conjunction with *required* application of those found facts for purposes of increasing a mandatory minimum sentence range, which constitutional violation was remedied in *Lockridge* by making the guidelines *advisory*, not by eliminating judicial fact-finding.

Thus, a defendant sentenced after *Lockridge* is not entitled to resentencing merely because the trial court engaged in judicial fact-finding to score the OVs. Instead, to be entitled to relief under *Lockridge*, a defendant must demonstrate that his minimum sentence was actually constrained by a violation of the Sixth Amendment. *Lockridge*, 498 Mich at 395.

In this case, defendant was sentenced nearly one year after *Lockridge* was decided. The trial court is presumed to have been aware of *Lockridge* when it imposed sentence. See *People v Alexander*, 234 Mich App 665, 675; 599 NW2d 749 (1999). There is nothing to suggest that the

-3-

trial court failed to recognize that the guidelines were advisory or that the court sentenced defendant in a manner inconsistent with *Lockridge*. Because the guidelines were advisory, and the trial court was permitted to rely on judicially-found facts to score OVs 10 and 12, defendant has not demonstrated that an "unconstitutional constraint on judicial discretion actually impaired his Sixth Amendment right." *Lockridge*, 498 Mich at 395. Accordingly, defendant is not entitled to relief on this basis.

Affirmed in part, vacated in part, and remanded for resentencing. We do not retain jurisdiction.

/s/ Patrick M. Meter
/s/ Stephen L. Borrello
/s/ Michael J. Riordan