*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
August 8, 2019

v

ZANNIE CHRISTOPHER RUCKES,

Defendant-Appellant.

No. 342994
Wayne Circuit Court
LC No. 14-003836-01-FC

Before: LETICA, P.J., and M. J. KELLY and BOONSTRA, JJ.

PER CURIAM.

Defendant, Zannie Christopher Ruckes, was convicted by a jury of assault with the intent to commit murder (AWIM), MCL 750.83, carrying a dangerous weapon with unlawful intent, MCL 750.226, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b.[1] In a prior appeal, Ruckes successfully argued that the trial court engaged in impermissible judicial fact-finding at sentencing in violation of *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), and this Court remanded the case for a *Crosby*[2] hearing and possible resentencing. *People v Ruckes*, unpublished per curiam opinion of the Court of Appeals, issued October 20, 2016 (Docket No. 328248), pp 6-7. On remand, the trial court determined that it would have imposed a different sentence under the advisory guidelines and resentenced Ruckes as a second-offense habitual offender, MCL 769.10, to 12 to 30 years' imprisonment for AWIM, two to five years' imprisonment for carrying a dangerous weapon with unlawful intent, and two years' imprisonment for felony-firearm. Ruckes now appeals as of right. We affirm.

---

[1] The trial court granted Ruckes's motion for a directed verdict "with regard to dual conspiracy counts." *People v Ruckes*, unpublished per curiam opinion of the Court of Appeals, issued October 20, 2016 (Docket No. 328248), p 2 n 1. The jury acquitted Ruckes of possession of a loaded firearm in a vehicle, MCL 750.227c. *Id*.

[2] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

# I. UNCONSTITUTIONAL PRIOR CONVICTION

Ruckes argues that the trial court erred when it considered an unconstitutional prior conviction—a 2004 misdemeanor conviction he contends was secured in the absence of counsel or a valid waiver of counsel—in calculating his minimum sentencing guidelines range. We disagree.

"This Court reviews the trial court's determination of facts for clear error and questions of law de novo." *People v Alexander*, 234 Mich App 665, 670; 599 NW2d 749 (1999) (citations omitted). "A trial court's factual finding is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Wiley*, 324 Mich App 130, 165; 919 NW2d 802 (2018) (quotation marks and citation omitted). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013).

An accused facing incarceration has the right to counsel. *People v Williams*, 470 Mich 634, 641; 683 NW2d 597 (2004). "The United States Supreme Court has stated that courts should indulge every reasonable presumption against waiver of fundamental constitutional rights." *Id.*, quoting *Johnson v Zerbst*, 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938). A defendant's waiver of the right to counsel "must be a knowing, intelligent ac[t] done with sufficient awareness of the relevant circumstances." *Williams*, 470 Mich at 641-642 (quotation marks and citations omitted; alteration in original). "A waiver is sufficient if the defendant knows what he is doing and his choice is made with eyes open." *Id.* at 642 (quotation marks and citations omitted). The United States Supreme Court has held that a waiver of the right to counsel is valid "when the trial court informs the accused of the nature of the charges against him, of his right to be counseled regarding his plea, and of the range of allowable punishments attendant upon the entry of the guilty plea[.]" *People v Russell*, 471 Mich 182, 202; 684 NW2d 745 (2004), quoting *Iowa v Tovar*, 541 US 77, 81; 124 S Ct 1379; 158 L Ed 2d 209 (2004) (quotation marks omitted).

A prior conviction obtained in violation of the right to counsel because of either lack of counsel or proper waiver "cannot be considered in determining punishment for another offense." *Alexander*, 234 Mich App at 670. "A defendant who collaterally challenges a prior conviction bears the initial burden of establishing that the conviction was obtained without counsel or a proper waiver of counsel." *Id.* Once the defendant meets this burden, "the burden shifts to the prosecutor to establish the constitutional validity of the prior conviction." *Id.* at 670-671. A defendant is entitled to resentencing if the sentencing court relied on the invalid conviction when imposing a sentence. *Id.* at 671.

Ruckes filed a motion for resentencing in which he argued that his misdemeanor conviction from 2004 was unconstitutional and should have been excluded when calculating his minimum sentencing guidelines range. Ruckes argued that the conviction was unconstitutional because he lacked counsel when he pleaded guilty and did not waive his right to counsel. In response to Ruckes's motion, the prosecution produced a DVD recording of Ruckes's guilty plea proceeding. The trial court found that the recording showed Ruckes waiving his right to counsel.

Having reviewed the recording, we conclude that the trial court did not err when it determined that Ruckes waived his right to counsel at the 2004 proceeding. The DVD shows the judge informing Ruckes of his right to counsel, the charges against him, and the possible punishments should Ruckes plead guilty. The judge asked Ruckes if he understood that he had the right to counsel, and Ruckes responded, "Yes." Ruckes's response is difficult to hear, but not impossible. Ruckes chose to plead guilty after being informed of his rights. Therefore, the trial court did not err when it determined that Ruckes waived his right to counsel at the proceeding during which he pleaded guilty to a misdemeanor in 2004.

Because Ruckes's misdemeanor conviction from 2004 was constitutional, it could be considered when applying the 10-year gap rule. The 10-year gap rule provides, in relevant part:

> (1) In scoring prior record variables 1 to 5, do not use any conviction or juvenile adjudication that precedes a period of 10 or more years between the discharge date from a conviction or juvenile adjudication and the defendant's commission of the next offense resulting in a conviction or juvenile adjudication.

> (2) Apply subsection (1) by determining the time between the discharge date for the prior conviction or juvenile adjudication most recently preceding the commission date of the sentencing offense. If it is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and determine the time between the commission date of that prior conviction and the discharge date of the next earlier prior conviction or juvenile adjudication. If that period is 10 or more years, do not use that prior conviction or juvenile adjudication and any earlier conviction or juvenile adjudication in scoring prior record variables. If it is less than 10 years, use that prior conviction or juvenile adjudication in scoring prior record variables and repeat this determination for each remaining prior conviction or juvenile adjudication until a period of 10 or more years is found or no prior convictions or juvenile adjudications remain. [MCL 777.50(1) and (2).]

Ruckes's misdemeanor conviction from 2004 broke the 10-year gap between his discharge from prior convictions and the date in 2014 on which Ruckes committed the crime at issue in this case. Thus, the trial court properly considered Ruckes's prior convictions from 1992 and 1994 when calculating his prior record variable score.

## II. HABITUAL-OFFENDER NOTICE

In his Standard 4 Brief, Ruckes argues that the court erred when it sentenced him as a second-offense habitual offender because the prosecution failed to timely file its notice of intent to enhance his sentence in accordance with MCL 769.13(1). We disagree.

"To be preserved for appellate review, an issue must be raised before and addressed by the trial court." *Wiley*, 324 Mich App at 150. Ruckes did not argue in the trial court that the prosecution failed to timely file the notice of intent to enhance Ruckes's sentence. Thus, this

issue is unpreserved for appeal. *Id.* "To avoid forfeiture of an unpreserved, nonconstitutional plain error, the defendant bears the burden of establishing that: (1) error occurred, (2) the error was plain, i.e., clear or obvious, and (3) the plain error affected substantial rights." *People v Jones*, 468 Mich 345, 355; 662 NW2d 376 (2003). "To establish that a plain error affected substantial rights, there must be a showing of prejudice, i.e., that the error affected the outcome of the lower-court proceedings." *Id*. at 356.

This Court reviews issues of statutory interpretation de novo. *People v Morales*, 240 Mich App 571, 575; 618 NW2d 10 (2000). "The overriding goal guiding judicial interpretation of statutes is to discover and give effect to legislative intent. The starting place for the search for intent is the language used in the statute." *Id*. (quotation marks and citation omitted).

The process prosecutors must follow in order to seek a sentence enhancement for a habitual offender is found in MCL 769.13, which provides, in relevant part:

> (1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

> (2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court. [MCL 769.13(1) and (2).]

The prosecution filed the felony information on April 23, 2014. The felony information contained the prosecution's notice of intent to seek an enhanced sentence on the basis of Ruckes's status as a second-offense habitual offender. Ruckes was arraigned on the information on May 13, 2014. Ruckes argues that the prosecution failed to comply with MCL 769.13(1) because it filed the notice of intent before his arraignment. Ruckes's position is that the prosecution can only properly file the notice of intent within 21 days *after* the arraignment, and that the prosecution's decision to file the notice in the felony information before the circuit-court arraignment did not satisfy this requirement.

In *People v Head*, 323 Mich App 526, 542-546; 917 NW2d 752 (2018), this Court considered the prosecution's duties under the habitual-offender statute in the context of a defendant's contention that the prosecution failed to file a proof of service as required by MCL 769.13(2). The record reflected that the charging documents alerted the defendant of his habitual-offender status and that the defendant received actual notice on the record at the preliminary examination. *Id*. at 544. Further, the defendant waived formal reading of the

information at the arraignment, and there was no indication that the defendant and his counsel had not received a copy of the felony information containing the habitual-offender notice. *Id*. This Court agreed that the prosecution failed to file a proof of service, but determined that the error was harmless because the defendant had actual notice of the prosecution's intent to seek an enhanced sentence and was not prejudiced in his ability to respond to the notice. *Id*.

Although the issue raised by Ruckes is distinguishable from the matter before the Court in *Head*, we find *Head*'s analysis persuasive. As the Court observed in that case, the purpose of the notice requirement "is to provide the accused with notice, at an early stage in the proceedings, of the potential consequences should the accused be convicted of the underlying offense." *Id*. at 543 (quotation marks and citation omitted). Thus, even if we were to conclude that Ruckes's interpretation of the statute is correct,[3] he could not establish plain error affecting his substantial rights because the prosecution's prearraignment notice satisfied the purpose of MCL 769.13. Like the circumstance involved in *Head*, the felony information apprised Ruckes that, if convicted, he would be subject to an enhanced sentence under MCL 769.10. Ruckes also waived the formal reading of the information, from which we infer that he and his counsel received the felony information containing the habitual-offender notice. Furthermore, Ruckes does not allege that he lacked actual notice at an early stage or that the timing of the prosecution's notice somehow impaired his ability to respond. Ruckes, therefore, has not established entitlement to relief.

Affirmed.

/s/ Anica Letica
/s/ Michael J. Kelly
/s/ Mark T. Boonstra

---

[3] Our Supreme Court scheduled oral argument to address "whether providing a habitual offender notice in district court satisfies the requirement set forth in MCL 769.13 that the habitual offender notice be served within 21 days after the defendant's arraignment on the information," *People v Straughter*, 501 Mich 944 (2017), but, following argument, an equally divided Court denied leave, *People v Straughter*, ___ Mich ___ (2019) (Docket No. 156198).