PEOPLE v THOMAS

Docket No. 191347. Submitted February 18, 1997, at Lansing. Decided
        April 15, 1997, at 9:15 A M

    Roberto L. Thomas pleaded guilty in the Genesee Circuit Court of
        delivery of less than fifty grams of cocaine and possession of less
        than twenty-five grams of cocaine. The court, Donald R. Freeman,
        J., imposed consecutive sentences of imprisonment of 7½ to 20
        years for the delivery conviction and two to four years for the pos-
        session conviction. On its own motion and without notice or a
        resentencing hearing, the court issued an amended judgment of
        sentence converting the sentences imposed to consecutive
        sentences. The defendant appealed by leave granted.

        The Court of Appeals *held*:

        A sentence that is based on a misconception of law is invalid.
        The original concurrent sentences in this case were based on a
        misconception that consecutive sentences are not required by law.
        Thus, the sentences originally imposed are invalid. The proper rem-
        edy for such invalid sentences is resentencing. Resentencing
        assures that the sentencing court considers the significant effect of
        consecutive sentencing and that the prosecution and the defendant
        have an opportunity to address the sentencing court with regard to
        consecutive sentencing.

        Remanded for resentencing.

SENTENCES — CONSECUTIVE SENTENCES — RESENTENCING.

    A sentencing court that imposes concurrent sentences on the basis of
        a misconception that consecutive sentences are not required by
        law may not merely issue an amended judgment of sentence that
        converts the original terms of imprisonment to consecutive
        sentences but must resentence the defendant; resentencing assures
        due consideration by the sentencing court of the significant effect
        of consecutive sentencing and allows the prosecution and the
        defense to address the sentencing court with regard to consecutive
        sentencing.

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, *Arthur A. Busch*, Prosecut-

ing Attorney, *Donald A. Kuebler*, Chief, Appeals, Research, and Training, and *Morris R. Kent*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson*), for the defendant on appeal.

Before: TAYLOR, P.J., and McDONALD and C. J. SINDT*, JJ.

TAYLOR, P.J. Defendant pleaded guilty of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v), pursuant to a plea agreement under which the prosecutor agreed not to seek enhancement of defendant's sentences. Defendant was sentenced to concurrent prison terms of 7½ to 20 years for the delivery conviction and two to four years for the possession conviction. One month after sentencing, the court sua sponte issued an amended judgment of sentence converting defendant's concurrent sentences to consecutive sentences. Defendant appeals by leave granted, and we remand for resentencing.

In pronouncing defendant's sentences, the court stated: "These are concurrent sentences. They're to be served at the same time." A judgment of sentence dated August 17, 1995, was entered that stated: "CON-CURRENT SENTENCES." On September 21, 1995, without conducting any resentencing and without providing any notice to defendant, the court issued an amended

---

* Circuit judge, sitting on the Court of Appeals by assignment.

judgment of sentence stating that each of defendant's sentences was to run "CONSECUTIVE TO THE OTHER."

Defendant concedes that consecutive sentencing was required by MCL 333.7401(3); MSA 14.15(7401)(3), but argues that the court's belief that it could impose concurrent sentences at sentencing constituted a mistake of law and that the proper remedy when a court imposes a sentence on the basis of a mistake of law is resentencing. Defendant thus claims that it was error for the trial court to order sua sponte consecutive sentences without conducting a resentencing. We agree that the court erred in issuing an amended judgment of sentence without first conducting a resentencing.

There is no published decision of this Court holding that erroneously imposed concurrent sentences may be corrected by the mere issuance of an amended judgment of sentence. Although there are cases addressing the issue indirectly, or in slightly different contexts, these cases have led to inconsistent results. Generally, a sentence is invalid where, as here, it is based on a misconception of the law. *People v Whalen*, 412 Mich 166, 169-170; 312 NW2d 638 (1981). For example, in *People v Kaczorowski*, 190 Mich App 165, 174; 475 NW2d 861 (1991), this Court held that a defendant's concurrent sentences were invalid where, unbeknownst to the sentencing judge, they were required by law to run consecutively to a previously imposed sentence or a conviction for which defendant was on parole.

The question presented in this case concerns the appropriate remedy for the imposition of invalid concurrent sentences. That is, was it permissible for the court to correct defendant's invalid concurrent

sentences by merely issuing an amended judgment of sentence converting the concurrent sentences to consecutive sentences, or was the court required to conduct a formal resentencing?

The remedy traditionally employed by this Court for an invalid sentence imposed on the basis of a misconception of the law is resentencing. See *People v Green*, 205 Mich App 342, 346; 517 NW2d 782 (1994); *People v McKee*, 167 Mich App 258; 421 NW2d 655 (1988); *People v Doss*, 122 Mich App 571, 581; 332 NW2d 541 (1983); *People v Daniels*, 69 Mich App 345, 350; 244 NW2d 472 (1976); *People v Mauch*, 23 Mich App 723, 730; 179 NW2d 184 (1970). *McKee* and *Doss* involved situations similar to this case where the trial court erroneously ordered concurrent sentences instead of consecutive sentences as required by law. Likewise, in *People v Jones*, 207 Mich App 253, 260; 523 NW2d 888 (1994), after holding that a trial court had erred in failing to make a defendant's sentence consecutive to a sentence previously imposed by another judge, this Court remanded the case for resentencing, stating:

> Because we cannot say that Judge Ransom would have imposed the same punishment had he been aware that § 7401(3) mandated consecutive sentencing, we remand for resentencing.

However, *McKee, Doss*, and *Jones* are arguably distinguishable because they did not involve a situation, like that presented here, where the sentencing court itself recognized its mistake and then changed the sentence. Accordingly, it was unclear that the same sentence would have been imposed had the court been aware initially that consecutive sentencing was

required. In *Kaczorowski, supra,* a case with more similarities to this case, the trial court, after erroneously imposing concurrent sentences, realized its error and issued an order converting the concurrent sentences to consecutive sentences. The court also expressly indicated that, even if consecutive sentences were required, this would not have affected the length of the sentence. In this circumstance, this Court rejected the defendant's argument that resentencing was required, stating:

> We agree, as does the prosecutor, that when a sentence is based on a misconception of the law, the defendant usually is entitled to resentencing. *People v Whalen,* 412 Mich 166, 170; 312 NW2d 638 (1981). However, MCR 6.429(A) authorizes a sentencing court to modify an invalid sentence after it has been imposed. . . . On January 9, 1990, the court entered an order in File 89-1162 that modified the invalid concurrent sentences to run consecutively to the prior sentence. The Court further articulated a finding that even if it had been aware that consecutive sentencing was required, this consideration would not have affected the length of the sentences in the present case. Therefore, because it is clear that the court would not have sentenced defendant any differently had it known that his sentences must run consecutively, resentencing is unnecessary and would merely waste the court's time and resources. [190 Mich App 174.]

*Kaczorowski* is factually distinguishable and, therefore, not controlling because it is predicated on an articulated finding by the trial court that the consideration of concurrent versus consecutive sentencing would not have affected the length of the sentences originally imposed.[1] In the case at bar, however, the

---

[1] Although we distinguish *Kaczorowski,* we question the holding of the case, given the due process concerns and the language from *People v Chambers,* 430 Mich 217, 229-230; 421 NW2d 903 (1988), we discuss later

court did not specifically articulate such a finding in the amended judgment of sentence.[2] Cf. *People v Watroba*, 89 Mich App 718, 722; 282 NW2d 196 (1979). We believe this failure is fatal to the prosecution's position, and we reject the argument that the court's failure to reduce the length of defendant's sentences, after becoming aware that consecutive sentences were required, implies a considered determination to keep the sentences originally imposed.

Further, we do not believe that this problem can be addressed by a mere remand for further consideration of a defendant's sentence in lieu of a full resentencing. While we do use this remedy on occasion, see, e.g., *People v Polus*, 197 Mich App 197, 201-202; 495 NW2d 402 (1992) (remand ordered to determine

---

in our opinion. Further, under most circumstances, it appears logically inconsistent for a sentencing court to make an after-the-fact statement that the sentence imposed would not have been any different even if the court had known the sentence to be imposed would be consecutive rather than concurrent with another sentence. For example, in the case at bar, the court imposed minimum sentences of 7½ and 2 years at a time when the court believed the sentences would be served concurrently. The court later issued an amended judgment of sentence making the sentences consecutive. If the court had indicated on the amended judgment of sentence or otherwise in the record that its sentences would not have been any different had the court been aware the sentences had to be served consecutively, the holding of *Kaczorowski* would lead to an affirmance. However, this would be unsatisfying as a puzzle would remain with respect to how the two actions of the court could be reconciled. If the court truly felt 9½ years was appropriate at the initial sentencing, the court could have imposed that. Yet it did not. How can a court then say at the second sentencing, where instead of a minimum of 7½ years there is now an effective minimum sentence of 9½ years, that it does not see this sentence as any different? Perhaps when, and if, the question *Kaczorowski* presents is again considered, this situation can be addressed in a fashion that can put to rest these apprehensions.

[2] We also note *People v Hill*, 221 Mich App 391; 561 NW2d 862 (1997), where the sentencing court changed invalid concurrent sentences to consecutive sentences. We distinguish this case on the basis that the court made the change at a hearing where defendant and his attorney were present, thus alleviating the due process concerns discussed herein.

whether a different sentence would be required by the sentencing guidelines in light of a correction to the scoring); *People v Thompson*, 189 Mich App 85, 88; 472 NW2d 11 (1991) (remand ordered to determine whether a disputed factual matter played a role in the trial court's sentencing decision), those cases do not involve a situation where, as here, the defendant's punishment as originally imposed is being drastically increased without a resentencing. Because there is such an increase here, our reading of the authorities convinces us that resentencing is required. *Polus* at 202; *Thompson* at 88.[3]

The argument that a formal resentencing may not be necessary relies on MCR 6.429(A). A close reading of that court rule, however, does not support that conclusion. MCR 6.429(A) merely states that a sentencing court "may correct an invalid sentence." While the rule clearly authorizes a trial court to correct an invalid sentence, it does not state that a "correction" may be accomplished without a formal resentencing such as in the manner employed here. Rather,

---

[3] Defendant has also submitted a copy of *People v Fuller*, unpublished opinion per curiam of the Court of Appeals, FITZGERALD and CORRIGAN, JJ. (MICHAEL J. KELLY, P.J., concurring in part and dissenting in part), issued August 10, 1994 (Docket No. 162084), which likewise involved a situation where the sentencing court erroneously imposed a concurrent sentence, but then subsequently issued an order modifying the concurrent sentence to run consecutively. Relying on *Kaczorowski*, the majority in *Fuller* held that the defendant was not entitled to resentencing. The Supreme Court, however, issued an order vacating the *Fuller* decision and remanding the case to the Genesee Circuit Court

for a hearing on (a) whether as a matter of law it is necessary to conduct a formal resentencing before converting a prisoner's concurrent sentence to a consecutive sentence . . . . [449 Mich 855.]

The Supreme Court's order in *Fuller* demonstrates that the question whether resentencing is required under the circumstances presented here remains unsettled.

the rule is silent with respect to the manner of correction and, therefore, provides no guidance whatsoever with respect to the appropriate procedure for correcting an invalid sentence. On the other hand, as noted above, the long-established remedy employed by this Court in situations where, as here, an invalid sentence has been imposed on the basis of a misconception of the law is resentencing.

Due process considerations also support the view that resentencing is the appropriate remedy in cases such as this. It is axiomatic that conversion of concurrent sentences to consecutive sentences will have a significant effect on the length of time a defendant will be incarcerated. At sentencing, the court has the benefit of a presentence report to guide it in its exercise of sentencing discretion. MCR 6.425(A). Additionally, the defendant, the defendant's lawyer, the prosecutor, and the victim are all permitted to advise the court of any circumstances they believe the court should consider in imposing sentence. MCR 6.425(D)(2)(c); *People v Berry*, 409 Mich 774, 779; 298 NW2d 434 (1980). When the court is aware that consecutive sentencing is required, it is able to consider the effect of consecutive sentencing in conjunction with this other information and remarks when fashioning an appropriate sentence. Given the significant effect of converting a prisoner's concurrent sentences to consecutive sentences, the defendant, as well as the prosecutor, should have the opportunity to inform the court of its position in this situation, which is quite different from that in a concurrent-sentencing circumstance. The Supreme Court, in *People v Chambers*, 430 Mich 217, 229-230; 421 NW2d 903 (1988), recognized this when it said:

In light of this jurisdiction's clear preference for concurrent sentencing, we find that a defendant facing the specter of a cumulative term of imprisonment is at a minimum entitled to due consideration of the relationship between the proposed consecutive sentence and any other period of incarceration the defendant may be subject to.

This reasoning applies here. Defendant did not receive due consideration of the fact that his sentences were going to be consecutive when the court initially imposed his sentences, and any consideration the court gave the matter before issuing sua sponte the amended judgment of sentence was inadequate because defendant and his attorney were not provided an opportunity to address the court before defendant's sentence was effectively increased by two years.

Finally, we believe our opinion is consistent with *People v Miles*, 454 Mich 90; 559 NW2d 299 (1997), an opinion that was released after this opinion was originally drafted. In *Miles*, the defendant pleaded guilty of armed robbery and possession of a firearm during the commission of a felony. The court imposed sentences of six to fifteen years for the armed robbery conviction and two years for the felony-firearm conviction. When it later came to light that the defendant had a prior felony-firearm conviction, the sentencing court sua sponte, and without affording the defendant a resentencing hearing, issued an amended judgment of sentence increasing the felony-firearm sentence to five years as required by the applicable statute and leaving undisturbed the armed robbery sentence. The Supreme Court held that the defendant was entitled to a full resentencing on the armed robbery conviction, but that the failure to

resentence on the felony-firearm conviction was non-discretionary and was harmless error.

In light of our ordering resentencing, we decline to consider defendant's challenge to the proportionality of his sentences.

Remanded for resentencing.