PEOPLE v MAPP

Docket No. 186050. Submitted January 21, 1997, at Detroit. Decided July 8, 1997, at 9:30 A.M. Leave to appeal sought.

Robert Mapp pleaded guilty in each of two cases in the Detroit Recorder's Court, Dalton A. Roberson, J., of one count of possession with intent to deliver less than fifty grams of cocaine and was sentenced to lifetime probation. The defendant subsequently was found guilty of violating the terms of his probation and was sentenced to concurrent terms of four to twenty years of imprisonment. The court, on its own motion, thereafter amended the sentences to make them consecutive as required by statute. The defendant appealed.

The Court of Appeals *held*:

Administrative Order No. 1996-4 constrains the Court of Appeals to follow *People v Thomas*, 223 Mich App 9 (1997), and hold that a trial court may not change concurrent sentences to consecutive sentences without conducting a formal resentencing and without notice to the defendant. Were this panel of the Court of Appeals not so constrained, the sentences would be affirmed on the ground that MCR 6.429 allows the trial court to modify the invalid portion of the sentences, i.e., the concurrent nature of the sentences, in the absence of any indication that the sentences were based on incorrect information or that the length of the sentences were invalid.

Remanded for resentencing.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief of Research, Training, and Appeals, and *Jeffrey Caminsky*, Assistant Prosecuting Attorney, for the people.

*Judith McNair*, for the defendant on appeal.

Before: Reilly, P.J., and Wahls and N. O. Holowka*, JJ.

Per Curiam. In each of the two lower court cases, defendant pleaded guilty of one count of possessing with the intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). Defendant was placed on lifetime probation. Approximately three months later, defendant was found guilty of violating the terms of his probation. On April 3, 1995, the trial court sentenced defendant to terms of four to twenty years' imprisonment to run concurrently to "the sentence presently being served." On January 5, 1996, the trial court sua sponte amended the sentences to indicate that the terms were to run "consecutive with sentence presently being served." Defendant appeals as of right. We remand for resentencing, but only because we are required to do so under Administrative Order No. 1996-4.

Defendant argues that a formal resentencing was required before the trial court could convert his concurrent sentences into consecutive ones. This issue is governed by *People v Roberto Thomas*, 223 Mich App 9; 566 NW2d 13 (1997),[1] where this Court held that a trial court may not change concurrent sentences to consecutive sentences without conducting any resentencing and without providing any notice to the defendant. Because *Roberto Thomas* is indistinguishable from this case, we remand for resentencing. *Id.*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant's reliance on *People v Fuller*, 449 Mich 855 (1995), is misplaced. The *Fuller* Court did not resolve this issue. See *Thomas, supra*, p 15, n 3.

Although we follow *Roberto Thomas*, we do so only because we are required to under the terms of Administrative Order No. 1996-4. But for that order, we would affirm defendant's sentences.

A trial court may correct an invalid sentence, but may not modify a valid sentence after it has been imposed except as provided by law. MCR 6.429(A); *People v Catanzarite*, 211 Mich App 573, 582; 536 NW2d 570 (1995); see also *People v Wybrecht*, 222 Mich App 160; 564 NW2d 903 (1997) (a trial court may not review the proportionality of a sentence it imposed). Here, it is clear that defendant's original sentence was invalid. MCL 333.7401(3); MSA 14.15(7401)(3) requires that any term of imprisonment under that section "run consecutively with any term of imprisonment imposed for the commission of another felony." *People v Hughes*, 217 Mich App 242, 244; 550 NW2d 871 (1996).

We would hold that this case is analogous to *People v Gerry Thomas*, 447 Mich 390; 523 NW2d 215 (1994). In that case, the trial court had imposed a sentence of sixty to seventy-five years on the defendant. *Id.*, p 391. When the defendant moved to set aside the sentence on the ground that the sentence violated the *Tanner*[2] rule, the trial court changed the sentence to a term of sixty to ninety years' imprisonment. *Id.*, pp 391-392. In reversing, the Supreme Court stated as follows:

> Where a court imposes a sentence that is partially invalid, the Legislature has provided that the sentence is not to be "wholly reversed and annulled," but rather is to be set aside only "in respect to the unlawful excess." MCL 769.24; MSA

[2] *People v Tanner*, 387 Mich 683; 199 NW2d 202 (1972).

28.1094. The rule that a sentencing court may not later modify a valid sentence has been restated by this Court in MCR 6.429(A) and in *In re Dana Jenkins*, 438 Mich 364; 475 NW2d 279 (1991).

Here, there was no legal flaw in the 75-year maximum sentence originally imposed by the court. The only aspect of the sentence that was unlawfully excessive was the final ten years of the 60-year minimum term. Only to that extent was the original sentence invalid, and subject to correction. [*Gerry Thomas, supra*, pp 393-394.]

Applying *Gerry Thomas* to the facts here, the only invalid portion of defendant's initial sentence was the fact that it ordered concurrent, rather than consecutive, sentences. Defendant has made no claim that the length of the sentences that he received, four to twenty years in prison, was invalid. Accordingly, but for *Roberto Thomas*, we would hold that only the concurrent portion of the sentences was subject to correction. MCR 6.429(A); *Gerry Thomas, supra*, p 394.

We believe that the Court in *Roberto Thomas* erred in relying in part on the fact that consecutive sentences effectively increased the minimum sentence that the defendant would have to serve. See *Roberto Thomas, supra*, pp 13-14, n 1. In *People v Miles*, 454 Mich 90, 95; 559 NW2d 299 (1997), the Supreme Court held that a sentencing court need not consider the length of a consecutive or concurrent mandatory sentence when setting aside an indeterminate sentence. Rather, the Court held that each sentence involves a separate determination. *Id.*, p 101. See also *People v Kennebrew*, 220 Mich App 601, 609; 560 NW2d 354 (1996) (principle of proportionality does not consider cumulative effect of consecutive sentences).

We believe that the Court in *Roberto Thomas* also erred in finding that resentencing was "the long-established remedy" in cases like this one. This case is distinguishable from many of the cases where appellate courts have required resentencing. For example, although the Supreme Court in *Miles* remanded in part for resentencing, it explicitly relied on the circumstance that the defendant's sentence was based on inaccurate information in the presentence report. *Miles, supra,* pp 96, 98-100. Here, because defendant's presentence report did not contain inaccurate information, *Miles* is distinguishable. Similarly, this case does not present the situation in which a sentencing court failed to exercise its discretion because of a mistaken belief in the law. See *People v Green,* 205 Mich App 342, 346; 517 NW2d 782 (1994); *People v Daniels,* 69 Mich App 345, 350; 244 NW2d 472 (1976); *People v Mauch,* 23 Mich App 723, 730-731; 179 NW2d 184 (1970). The trial court's error did not involve a discretionary decision. Rather, because of a mistaken belief in the law, the trial court failed to impose consecutive sentences as *required* by MCL 333.7401(3); MSA 14.15(7401)(3).

In addition, panels of this Court have split with regard to the question whether resentencing is required when a trial court erroneously imposes a concurrent sentence. At least three panels of this Court have remanded for a full resentencing in this circumstance. See *People v Jones,* 207 Mich App 253, 260; 523 NW2d 888 (1994); *People v McKee,* 167 Mich App 258, 262; 421 NW2d 655 (1988); *People v Doss,* 122 Mich App 571, 581; 332 NW2d 541 (1983). However, the panel in *People v Kaczorowski,* 190 Mich App 165, 174; 475 NW2d 861 (1991), did not require a

full resentencing. Similarly, in *People v Cuppari (After Remand)*, 214 Mich App 633, 638; 543 NW2d 68 (1995), rather than requiring a resentencing, this Court remanded for modification of the judgment of sentence.

For the reasons outlined above, we would hold that because the trial court's original judgment of sentence was not based on incorrect information, and because the length of defendant's sentence was not invalid, the trial court acted correctly by amending defendant's sentence sua sponte. MCR 6.429(A); *Gerry Thomas, supra,* p 394. In addition, were this an issue of first impression, we would hold that the trial court lacks authority to conduct a resentencing in this situation. MCR 6.429(A); *Gerry Thomas, supra,* p 394. Accordingly, we would have affirmed defendant's sentence.

Remanded for resentencing. We do not retain jurisdiction.