623 N.W.2d 591 (2001)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Arthur Lawrence PHILLIPS, Jr., Defendant-Appellant.
No. 117203, COA No. 211350.
Supreme Court of Michigan.
March 30, 2001.
On order of the Court, the delayed application for leave to appeal from the January 4, 2000 decision of the Court of Appeals is considered, and it is DENIED because we are not persuaded that the questions presented should be reviewed by this Court.
MARILYN J. KELLY, J., dissents and states as follows:
We should remand this case to the trial court for full resentencing.
A jury convicted defendant of armed robbery and felony-firearm. The trial *592 judge sentenced him to ten to twenty-five years for the robbery and two years for the felony-firearm. The sentences were to run concurrently with defendant's sentences for federal convictions of bank robbery and kidnapping. Defendant was on parole for these offenses at the time he committed the instant offenses.
The Court of Appeals determined that the state sentences should be served consecutively to the federal sentences, pursuant to M.C.L. § 768.7a(2); MSA 28.1030(1)(2).[1] 217 Mich.App. 489, 501, 552 N.W.2d 487 (1996). At the beginning of the opinion, the panel stated that it was remanding the case for resentencing. Id. at 492, 552 N.W.2d 487. The trial court was instructed that defendant's sentences must run consecutively to his federal sentences. Id. at 501, 552 N.W.2d 487.
The judge who sentenced defendant the first time died before defendant could be resentenced. Upon remand, his successor held that he did not have discretion to reconsider the length of defendant's sentences. He believed that he had authority only to enter an order correcting defendant's sentences to run consecutively to the federal sentences. Defendant's attorney did not argue the point.
A sentence based on a misconception of law is invalid. People v. Whalen, 412 Mich. 166, 169-170, 312 N.W.2d 638 (1981). The trial judge who first sentenced defendant erroneously believed the sentences he imposed could run concurrently with defendant's federal sentences. Converting a sentence from one that runs concurrently with another to one that runs consecutively has a "significant effect of the length of time a defendant will be incarcerated." People v. Thomas, 223 Mich.App. 9, 16, 566 N.W.2d 13 (1997). Thomas held that due process requires a full resentencing in this situation. Id. at 16-17, 566 N.W.2d 13.
The purpose of holding full resentencing is to allow the defendant to address the court before his sentence is increased. Thomas, supra at 17, 566 N.W.2d 13. Defendant did not have this opportunity. Thomas requires the trial court to reconsider the sentences imposed when a correction in sentencing results in a longer sentence. We should remand this case for full resentencing.
MICHAEL F. CAVANAGH, J., joins in the statement of MARILYN J. KELLY, J.
NOTES
[1] If a person is convicted and sentenced to a term of imprisonment for a felony committed while the person was on parole from a sentence for a previous offense, the term of imprisonment imposed for the later offense shall begin to run at the expiration of the remaining portion of the term of imprisonment imposed for the previous offense.