# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 24, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

153209

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v                                                                    SC: 153209
                                                                     COA: 330148
                                                                     Calhoun CC: 2015-000455-FH

KEITH EDWARD WORTHINGTON,
        Defendant-Appellant.
_____/

        By order of October 5, 2016, the application for leave to appeal the January 6, 2016 order of the Court of Appeals was held in abeyance pending the decision in *People v Comer* (Docket No. 152713). On order of the Court, the case having been decided on June 23, 2017, 500 Mich 278 (2017), the application is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the June 4, 2015 amended judgment of sentence, and we REMAND this case to the Calhoun Circuit Court to reinstate the May 15, 2015 judgment of sentence. In *Comer*, we held that correcting an invalid sentence by adding a statutorily mandated term is a substantive correction that a trial court may make on its own initiative only before judgment is entered. In this case, the trial court did not have authority to amend the judgment of sentence after entry to add a provision for consecutive sentencing under MCL 768.7a(2). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

        We do not retain jurisdiction.

        VIVIANO, J. (*concurring*).

        In this case, defendant was erroneously given a concurrent sentence when the relevant statute, MCL 768.7a(2), actually required a consecutive sentence. The circuit court sua sponte amended its judgment of sentence to correct this error. However, in *People v Comer*, 500 Mich 278 (2017), we held that trial courts do not have authority to sua sponte amend an invalid sentence under MCR 6.429 or MCR 6.435.[1] Accordingly, in the instant case, the Court today vacates the circuit court's amendment as impermissible under *Comer*.

        The dissent, in arguing against this result, raises and develops two arguments that

_____

[1] MCR 6.429(A) has since been amended, effective September 1, 2018, and now provides that "[t]he court may correct an invalid sentence, on its own initiative after giving the parties an opportunity to be heard," as long as the correction "occur[s] within 6 months of the entry of the judgment of conviction and sentence."

the prosecutor has not addressed: (1) that the erroneously imposed concurrent sentence was a mere clerical error that the circuit court could correct "on its own initiative" under MCR 6.435(A); and (2) that, even if the circuit court lacked authority to amend the judgment sua sponte, the prosecutor should be given another chance to file a motion to amend the judgment because the circuit court's amendment came "a mere 20 days" after the original judgment was issued. But it is not our role to find and develop unpreserved arguments on behalf of litigants. See *Carducci v Regan*, 230 US App DC 80, 86 (1983) (Scalia, J.) ("The premise of our adversarial system is that appellate courts do not sit as self-directed boards of legal inquiry and research, but essentially as arbiters of legal questions presented and argued by the parties before them."). For this reason, I would decline to reach these issues and I concur in the Court's order.[2]

ZAHRA, J. (*dissenting*).

I respectfully dissent. Defendant pleaded no contest to receiving and concealing stolen property between $1,000 and $20,000, MCL 750.535, as a fourth-offense habitual offender, with an agreed upon cap on the minimum sentence of 24 months. The presentence investigation report (PSIR) indicated that consecutive sentencing was mandatory because defendant was on parole when he committed this offense. MCL 768.7a(2); see also *People v Miles*, 454 Mich 90, 99-100 (1997). At the sentencing hearing on May 15, 2015, the trial court asked the parties whether they had reviewed the

---

[2] The dissent's assertion that defendant did not preserve the *Comer* issue is puzzling. In his application for leave to appeal, defendant argued that "[a] trial court may correct an invalid sentence, but may not modify a sentence after it has been imposed except as provided by law. MCR 6.429(A)[.]" In *Comer*, which was decided after defendant's application was filed, we addressed whether a trial court has the authority to correct an invalid sentence on its own initiative after judgment on that sentence has entered. After considering both MCR 6.435 (the general rule regarding a court's ability to correct mistakes in judgments and orders) and MCR 6.429 (the specific rule discussing the court's ability to correct an invalid sentence), we concluded "that the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence." *Comer*, 500 Mich at 297. While defendant here sought resentencing, our subsequent opinion in *Comer* makes it clear that the appropriate relief in these circumstances is reinstatement of the original judgment of sentence. See *id*. at 301. Far from raising a new issue on defendant's behalf, then, the majority merely grants defendant the relief mandated by *Comer* for the error that he asserted—i.e., that his "sentence was improperly changed from a concurrent sentence to a consecutive one by way of a judgment of sentence dated 6-3-15." The dissent, by contrast, raises new theories and would grant relief that was not requested on an issue that was not even briefed by the prosecutor on appeal.

PSIR. Responding to the question whether defense counsel had any changes, deletions or corrections to the body of the report, he answered, "No, ma'am."

In accordance with the plea agreement, defendant was sentenced to a prison term of 24 months to 15 years. The judgment of sentence filed on May 15, 2015 did not contain a checkmark in the space provided for consecutive sentencing. That portion of the judgment was left blank, and the form states, "If this item is not checked, the sentence is concurrent." Within 13 business days, the circuit court must have recognized its mistake, and it sua sponte issued an amended order dated June 4, 2015, indicating that defendant's sentence had to be served consecutively to his current sentence.

In *People v Comer*, 500 Mich 278, 297 (2017), this Court concluded that "MCR 6.429 authorizes either party to seek correction of an invalid sentence upon which judgment has entered, but the rule does not authorize a trial court to do so sua sponte." When considering MCR 6.435 and MCR 6.429 together, we concluded "that the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence." *Comer*, 500 Mich at 297.

In this case, all outward appearances suggest a simple *clerical mistake* was made in filling out the May 15, 2015 judgment of sentence. Unlike in *Comer*, in which the parties did not contend that the failure to sentence defendant to lifetime electronic monitoring was a clerical mistake, here all evidence points precisely to this being a mere clerical mistake. The PSIR, which the attorneys approved and accepted, plainly indicated that sentencing had to be consecutive. There is nothing in the record to suggest that anyone ever disagreed with the notion that defendant's new sentence was to be served consecutively to his old one. Indeed, even the register of actions indicated that the May 15, 2015 judgment of sentence had provided for consecutive sentencing. Hence, the trial court's amended judgment of sentence merely fixed a "clerical mistake . . . arising from oversight or omission," which the trial court was allowed to correct on its own initiative under MCR 6.435(A). Accordingly, I would simply deny defendant's application.

Further, it should be pointed out that the trial court fixed its mistake very early in the process, a mere 20 days after the original judgment of sentence was entered. By fixing its mistake so early, the trial court in practice arguably *foreclosed* any real opportunity by the prosecution to seek correction of the May 15, 2015 judgment of sentence. Had the trial court not acted sua sponte, a timely motion to correct the judgment of sentence could have been filed under MCR 6.429(B). Defendant did not file his application for leave to appeal until December 1, 2015. MCR 6.429(B)(3) states, "If the defendant may only appeal by leave or fails to file a timely claim of appeal, a motion to correct an invalid sentence may be filed within 6 months of entry of the judgment of conviction and sentence." In this case, given that the trial court issued its amended judgment of sentence a mere 20 days after issuing the original judgment of sentence, there was no reason for the prosecution to exercise its option to file a timely motion to

correct sentence. Therefore, alternatively, I would remand and indicate that the prosecution shall be afforded the opportunity under the court rule to file a motion to correct the invalid sentence, which, but for the trial court's actions in promptly amending the judgment of sentence, the prosecution could have filed pursuant to MCR 6.429(B)(3).

Moreover, even assuming that the error is not clerical and that the trial court foreclosed any chance for the prosecution to seek correction of the judgment of sentence under MCR 6.429(B), I disagree with the majority's chosen remedy to reinstate the very sentence it properly concluded was invalid. Instead of reinstating an invalid sentence that is predicated on an ostensibly invalid plea, I would conclude that the appropriate remedy in this case is to "give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea." MCR 6.310(C); cf. *People v Cobbs*, 443 Mich 276 (1993).[3]

---

[3] The concurring Justice's statement is misguided and undermines the notion of equal justice under law to each litigant. He maintains that "[f]ar from raising a new issue on defendant's behalf, then, *the majority merely grants defendant the relief mandated by* Comer *for the error that he asserted*[.]" To avoid any mischaracterization of defendant's argument, the following represents defendant's entire argument in both his application to the Court of Appeals and his application to this Court:

> Defendant's sentence was improperly changed from a concurrent sentence to a consecutive one by way of a judgment of sentence dated 6-3-15. See attached, both judgments. This was incorrect. Even where a court is required to impose a mandatory consecutive sentence (here, because Mr. Worthington was on parole at the time he committed the instant offense, MCL 76.8.7a [sic]), if such a sentence was imposed concurrently in error, it may only be corrected by full resentencing. A trial court may correct an invalid sentence, but may not modify a sentence after it has been imposed except as provided by law. MCR 6.429(A); *People v Catanzarite*, 211 Mich App 573, 582 (1995); *People v Miles*, 454 Mich 90 (1997).

> In *People v Thomas*, 223 Mich App 9, 16 (1997), the Court of Appeals held that where a judge misperceives the law and imposes a concurrent sentence where the law requires a consecutive one, resentencing is the only appropriate way to correct the error. It noted that MCR 6.429(A) allows for correction of sentences, but is silent as to the manner in which this must be done. Accordingly, the long-standing remedy of resentencing is the appropriate one. Further, due process requires a defendant to have the opportunity to have meaningful notice and opportunity to address the court if a previously imposed sentence is to be changed. *Id*. See also, *People v Mapp*, 224 Mich App 431 (1997) (same).

For the above reasons, Mr. Worthington is entitled to resentencing.

Thus, this Court here does not "merely grant[] defendant the relief mandated by *Comer* for the error that he asserted[.]" Defendant sought to be resentenced. Defendant will not be resentenced. Defendant certainly did not seek to "reinstate" the May 15, 2015 judgment of sentence. Nor is there any hint within defendant's entire argument that "when considering MCR 6.435 and MCR 6.429 together, . . . the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence." *Comer*, 500 Mich at 297. Accordingly, it was this Court, in abeying the instant case in light of the pending decision in *Comer*, that raised and developed the theory that now grants defendant relief in this case. Simply put, this Court's unanimous decision to abey the instant case for *Comer* invited every Justice of this Court to engage in a plenary review of the court rules being interpreted in *Comer*, particularly MCR 6.435. Having specifically directed the parties in *Comer* to address MCR 6.429 and MCR 6.435, any Justice of this Court is permitted to examine the relevant court rules in the cases that we abeyed for *Comer*, and in fact, I would suggest that we are obligated to do so by our oaths of office. Last, the concurring Justice's reliance on language from then Judge Scalia's opinion in *Carducci v Regan*, 230 US App DC 80 (1983), is so far removed from the context of this case that it can only be explained as a curious but fallacious appeal to authority.

WILDER, J., joins the statement of ZAHRA, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 24, 2018



Clerk

t0918