Zahra, J. (dissenting).
 

 I respectfully dissent. Defendant pleaded no contest to receiving and concealing stolen property between $1,000 and $20,000, MCL 750.535, as a fourth-offense habitual offender, with an agreed upon cap on the minimum sentence of 24 months. The presentence investigation report (PSIR) indicated that consecutive sentencing was mandatory because defendant was on parole when he committed this offense. MCL 768.7a(2) ; see also
 
 People v. Miles
 
 ,
 
 454 Mich. 90
 
 , 99-100,
 
 559 N.W.2d 299
 
 (1997). At the sentencing hearing on May 15, 2015, the trial court asked the parties whether they had reviewed the PSIR. Responding to the question whether defense counsel had any changes, deletions or corrections to the body of the report, he answered, "No, ma'am."
 

 In accordance with the plea agreement, defendant was sentenced to a prison term of 24 months to 15 years. The judgment of sentence filed on May 15, 2015 did not contain a checkmark in the space provided for consecutive sentencing. That portion of the judgment was left blank, and the form states, "If this item is not checked, the sentence is concurrent." Within 13 business
 days, the circuit court must have recognized its mistake, and it sua sponte issued an amended order dated June 4, 2015, indicating that defendant's sentence had to be served consecutively to his current sentence.
 

 In
 
 People v. Comer
 
 ,
 
 500 Mich. 278
 
 , 297,
 
 901 N.W.2d 553
 
 (2017), this Court concluded that " MCR 6.429 authorizes either party to seek correction of an invalid sentence upon which judgment has entered, but the rule does not authorize a trial court to do so sua sponte." When considering MCR 6.435 and MCR 6.429 together, we concluded "that the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence."
 
 Comer
 
 ,
 
 500 Mich. at 297
 
 ,
 
 901 N.W.2d 553
 
 .
 

 In this case, all outward appearances suggest a simple
 
 clerical mistake
 
 was made in filling out the May 15, 2015 judgment of sentence. Unlike in
 
 Comer
 
 , in which the parties did not contend that the failure to sentence defendant to lifetime electronic monitoring was a clerical mistake, here all evidence points precisely to this being a mere clerical mistake. The PSIR, which the attorneys approved and accepted, plainly indicated that sentencing had to be consecutive. There is nothing in the record to suggest that anyone ever disagreed with the notion that defendant's new sentence was to be served consecutively to his old one. Indeed, even the register of actions indicated that the May 15, 2015 judgment of sentence had provided for consecutive sentencing. Hence, the trial court's amended judgment of sentence merely fixed a "clerical mistake ... arising from oversight or omission," which the trial court was allowed to correct on its own initiative under MCR 6.435(A). Accordingly, I would simply deny defendant's application.
 

 Further, it should be pointed out that the trial court fixed its mistake very early in the process, a mere 20 days after the original judgment of sentence was entered. By fixing its mistake so early, the trial court in practice arguably
 
 foreclosed
 
 any real opportunity by the prosecution to seek correction of the May 15, 2015 judgment of sentence. Had the trial court not acted sua sponte, a timely motion to correct the judgment of sentence could have been filed under MCR 6.429(B). Defendant did not file his application for leave to appeal until December 1, 2015. MCR 6.429(B)(3) states, "If the defendant may only appeal by leave or fails to file a timely claim of appeal, a motion to correct an invalid sentence may be filed within 6 months of entry of the judgment of conviction and sentence." In this case, given that the trial court issued its amended judgment of sentence a mere 20 days after issuing the original judgment of sentence, there was no reason for the prosecution to exercise its option to file a timely motion to correct sentence. Therefore, alternatively, I would remand and indicate that the prosecution shall be afforded the opportunity under the court rule to file a motion to correct the invalid sentence, which, but for the trial court's actions in promptly amending the judgment of sentence, the prosecution could have filed pursuant to MCR 6.429(B)(3).
 

 Moreover, even assuming that the error is not clerical and that the trial court foreclosed any chance for the prosecution to seek correction of the judgment of sentence under MCR 6.429(B), I disagree with the majority's chosen remedy to reinstate the very sentence it properly concluded was invalid. Instead of reinstating an invalid sentence that is predicated on an ostensibly invalid plea, I would conclude that the appropriate remedy in this case is to "give the defendant the opportunity to elect to allow the plea and sentence to stand or to withdraw the plea."
 

 MCR 6.310(C) ; cf.
 
 People v. Cobbs
 
 ,
 
 443 Mich. 276
 
 ,
 
 505 N.W.2d 208
 
 (1993).
 
 [1]
 

 Wilder, J., joins the statement of Zahra, J.
 

 The concurring Justice's statement is misguided and undermines the notion of equal justice under law to each litigant. He maintains that "[f]ar from raising a new issue on defendant's behalf, then,
 
 the majority merely grants defendant the relief mandated by
 
 Comer
 
 for the error that he asserted
 
 [.]" To avoid any mischaracterization of defendant's argument, the following represents defendant's entire argument in both his application to the Court of Appeals and his application to this Court:
 

 Defendant's sentence was improperly changed from a concurrent sentence to a consecutive one by way of a judgment of sentence dated 6-3-15. See attached, both judgments. This was incorrect. Even where a court is required to impose a mandatory consecutive sentence (here, because Mr. Worthington was on parole at the time he committed the instant offense, MCL 76.8.7a [sic] ), if such a sentence was imposed concurrently in error, it may only be corrected by full resentencing. A trial court may correct an invalid sentence, but may not modify a sentence after it has been imposed except as provided by law. MCR 6.429(A) ;
 
 People v. Catanzarite
 
 ,
 
 211 Mich. App. 573
 
 , 582 [
 
 536 N.W.2d 570
 
 ] (1995) ;
 
 People v. Miles
 
 ,
 
 454 Mich. 90
 
 [
 
 559 N.W.2d 299
 
 ] (1997).
 

 In
 
 People v. Thomas
 
 ,
 
 223 Mich. App. 9
 
 , 16 [
 
 566 N.W.2d 13
 
 ] (1997), the Court of Appeals held that where a judge misperceives the law and imposes a concurrent sentence where the law requires a consecutive one, resentencing is the only appropriate way to correct the error. It noted that MCR 6.429(A) allows for correction of sentences, but is silent as to the manner in which this must be done. Accordingly, the long-standing remedy of resentencing is the appropriate one. Further, due process requires a defendant to have the opportunity to have meaningful notice and opportunity to address the court if a previously imposed sentence is to be changed.
 
 Id
 
 . See also,
 
 People v. Mapp
 
 ,
 
 224 Mich. App. 431
 
 [
 
 569 N.W.2d 523
 
 ] (1997) (same).
 

 For the above reasons, Mr. Worthington is entitled to resentencing.
 

 Thus, this Court here does not "merely grant[ ] defendant the relief mandated by
 
 Comer
 
 for the error that he asserted[.]" Defendant sought to be resentenced. Defendant will not be resentenced. Defendant certainly did not seek to "reinstate" the May 15, 2015 judgment of sentence. Nor is there any hint within defendant's entire argument that "when considering MCR 6.435 and MCR 6.429 together, ... the trial court's authority to correct an invalid sentence on its own initiative ends upon entry of the judgment of sentence."
 
 Comer
 
 ,
 
 500 Mich. at 297
 
 ,
 
 901 N.W.2d 553
 
 . Accordingly, it was this Court, in abeying the instant case in light of the pending decision in
 
 Comer
 
 , that raised and developed the theory that now grants defendant relief in this case. Simply put, this Court's unanimous decision to abey the instant case for
 
 Comer
 
 invited every Justice of this Court to engage in a plenary review of the court rules being interpreted in
 
 Comer
 
 , particularly MCR 6.435. Having specifically directed the parties in
 
 Comer
 
 to address MCR 6.429 and MCR 6.435, any Justice of this Court is permitted to examine the relevant court rules in the cases that we abeyed for
 
 Comer
 
 , and in fact, I would suggest that we are obligated to do so by our oaths of office. Last, the concurring Justice's reliance on language from then Judge Scalia's opinion in
 
 Carducci v. Regan
 
 ,
 
 230 U.S. App. D.C. 80
 
 [
 
 714 F.2d 171
 
 ] (1983), is so far removed from the context of this case that it can only be explained as a curious but fallacious appeal to authority.