*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

HENRY RICHARD HARPER,

        Defendant-Appellant.

UNPUBLISHED
October 15, 2019

No. 345119
Kent Circuit Court
LC No. 12-006969-FC

Before: MARKEY, P.J., and BORRELLO and BOONSTRA, JJ.

PER CURIAM.

A jury convicted defendant of first-degree criminal sexual conduct (CSC-I) (victim under 13, defendant 17 years of age or older), MCL 750.520b(2)(b), and third-degree criminal sexual conduct (CSC-III) (victim 13 to 15), MCL 750.520d. For reasons that we will explain, the trial court sentenced defendant on three separate occasions. At issue on this appeal is the trial court's sentencing of defendant at the third sentencing (i.e., the second resentencing) proceeding, as a third-offense habitual offender, MCL 769.11, to 28 to 50 years' imprisonment for CSC-I to be served concurrently with 20 to 30 years' imprisonment for CSC-III, with credit for 2,209 days served. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case has been before us on two earlier appeals. We summarized the facts underlying defendant's convictions in our first unpublished opinion:[1]

The victims in this case are half-brothers, D.H. and D.A. At the time of the sexual assaults, defendant was 40 years old, D.A. was 14 years old, and D.H. was 12 years old. Defendant leased property to the victim's family and, at some

---

[1] *People v Harper*, unpublished per curiam opinion of the Court of Appeals, issued June 11, 2015 (Docket No. 319942) (*Harper I*) at 1, vacated in part and remanded to the trial court by *People v Harper*, 498 Mich 968 (2016).

point, defendant obtained approval from the boys' mother to have D.A. and D.H. help him at his home. D.A. and D.H. went to defendant's house separately, at different times, ostensibly to help him. According to D.A., when he went to defendant's house, defendant forced him to urinate in defendant's mouth, and the next morning, when D.A. awoke at defendant's house, defendant had D.A.'s penis in his mouth. When D.H. subsequently went to defendant's house, he was also forced to urinate in defendant's mouth. D.H. and D.A. told their mother and stepfather about the incidents with defendant, and their mother called the police.

At issue on defendant's first appeal was the trial court's original sentencing of defendant, as a fourth-offense habitual offender, MCL 769.12, to prison terms of 25 to 50 years for the CSC-I conviction and 20 to 50 years for the CSC-III conviction. The trial court ordered the sentences to run consecutively, in what it believed complied with MCL 750.520b(3), because it found that the offenses arose from the same transaction. Defendant appealed his sentences and conviction, and this Court held that the consecutive sentences imposed by the trial court were invalid because the offenses did not arise from the same transaction, and that defendant accordingly was entitled to resentencing. The prosecution sought leave to appeal this Court's decision, and our Supreme Court, in lieu of granting leave, vacated the portion of this Court's opinion holding that the two assaults were not part of the same transaction. *People v Harper*, 498 Mich 968 (2016). It agreed with this Court that the trial court had failed to identify specific evidence to support consecutive sentencing and remanded to the trial court to either provide a basis for its conclusion that the two offenses arose from the same transaction or to impose concurrent sentences. *Id*.

On remand, the trial court issued an opinion and order justifying its consecutive sentencing and resentenced defendant to 22½ years to 50 years for CSC-I to be served consecutively to 17½ years to 30 years for CSC-III. Defendant again appealed, arguing that consecutive sentencing was improper because the offenses did not arise from the same transaction. In our second opinion, another panel of this Court concluded that the consecutive sentencing was not lawful because, although the offenses occurred on the same day, the assaults did not arise from the same transaction; therefore, consecutive sentencing was not authorized by statute.[2] We vacated the consecutive sentences and remanded for resentencing consistent with our opinion.

At the second resentencing, the trial court assessed defendant an additional 15 points for Offense Variable (OV) 8 and an additional 25 points for OV 12. These modifications increased defendant's OV scores for each offense from 35 to 75 points. As a result, the minimum sentencing guidelines for defendant's CSC-I conviction increased from a range of 108 to 270 months, to a range of 135 to 337 months; the guidelines for his CSC-III conviction increased from a range of 84 to 210 months, to a range of 99 to 240 months. The trial court resentenced defendant as described.

---

[2] *People v Harper*, unpublished per curiam opinion of the Court of Appeals, issued March 15, 2018 (Docket No. 336201) (*Harper II*).

This appeal followed.

## II. FULL RESENTENCING

Defendant argues that the trial court erred by conducting a full resentencing on remand, rather than merely correcting defendant's judgment of sentence to reflect that his sentences were concurrent rather than consecutive. We disagree. We review de novo as a question of law the scope of a trial court's powers on remand. *Hill v City of Warren (On Remand)*, 276 Mich App 299, 305; 740 NW2d 706 (2007).

When a sentence is vacated and remanded for resentencing, the case generally is "before the trial court in a presentence posture, allowing for objection to any part of the new sentence." *People v Rosenburg*, 477 Mich 1076; 729 NW2d 222 (2007). "The power of the lower court on remand is to take such action as law and justice may require so long as it is not inconsistent with the judgment of the appellate court." *People v Fisher*, 449 Mich 441, 446-447; 537 NW2d 577 (1995) (quotation marks and citation omitted). However, "[w]hen an appellate court remands a case with specific instructions, it is improper for a lower court to exceed the scope of the order." *People v Russell*, 297 Mich App 707, 714; 825 NW2d 623 (2012).

In *People v Thomas*, 223 Mich App 9, 10-11; 566 NW2d 13 (1997), the defendant appealed after the trial court, realizing it had mistakenly imposed concurrent sentences when consecutive sentences were required by statute, sua sponte corrected its mistake without conducting a hearing. The defendant argued, and this Court agreed, that a resentencing hearing was necessary. *Id*. This Court stated: "It is axiomatic that conversion of concurrent sentences to consecutive sentences will have a significant effect on the length of time a defendant will be incarcerated. At sentencing, the court has the benefit of a presentence report to guide it in its exercise of sentencing discretion." *Id*. at 16. We noted that the trial court would have all the parties' information when fashioning a sentence and would be able to consider the effects of the consecutive sentencing in conjunction with the other material: "Given the significant effect of converting a prisoner's concurrent sentences to consecutive sentences, the defendant, as well as the prosecutor, should have the opportunity to inform the court of its position on this situation . . . ." *Id*.

By contrast, in *People v Alexander*, 234 Mich App 665; 599 NW2d 749 (1999), this Court held that a full resentencing was not required because "the due process concerns addressed by the full resentencing in *Thomas*" were not present. In *Alexander*, the defendant had committed a crime in Michigan after escaping from a prison in Louisiana. The trial court imposed consecutive sentencing under the mistaken belief that it was empowered (and required), under MCL 768.7a, to order that the defendant's Michigan prison sentence be served consecutively to his Louisiana prison sentences. *Id*. at 678.[3] This Court distinguished *Thomas*

---

[3] MCL 768.7a(1) permits (and indeed requires) the imposition of a consecutive sentence for a defendant who commits a crime while incarcerated in Michigan or after having escaped from a penal or reformatory institution in Michigan. In *Alexander*, the defendant committed the offenses for which he was convicted in Michigan after escaping from a *Louisiana* prison.

by noting that the defendant's sentences (in *Alexander*) only required amendment to correct the trial court's mistaken belief about the applicability of MCL 768.7a. Moreover, because the correction of the error would result in reduced punishment and was not (as in Thomas) carried out without notice or a hearing, we held that it was "extremely unlikely" that the trial court in that case would impose a shorter sentence on the defendant if he was given a full resentencing, and that "a full resentencing would be unnecessary and would waste the resources of the courts." *Id*. at 678.[4]

We conclude that *Alexander* does not compel us to hold that the trial court erred by conducting a full resentencing. First, although this Court in *Alexander* declined, in the exercise of its discretion, to order full resentencing on remand, it did not prohibit doing so whenever a defendant's sentences are corrected from consecutive to concurrent. Further, the trial court in *Alexander* only sentenced the defendant on one charge, but mistakenly believed it could order that the start of the defendant's sentence on that charge could be delayed until he had served his Louisiana prison time. By contrast, the trial court here heard arguments and concluded that defendant could be sentenced to consecutive sentences on two CSC charges based on its conclusion that they arose from the same transaction. That belief may well have informed the trial court's choice of sentence length for each offense. See *Thomas*, 223 Mich App at 16 ("When the court is aware that consecutive sentencing is required, it is able to consider the effect of consecutive sentencing in conjunction with this other information and remarks when fashioning an appropriate sentence."). The trial court's belief was based on "a misconception of the law" for which "the remedy traditionally employed by this Court" is resentencing. *Id*. at 12. We believe that in this case, like in *Thomas*, "the defendant, as well as the prosecutor," should have been given the opportunity to inform the trial court of "any circumstances they believe the trial court should consider in imposing sentence." *Id*. at 16.

Further, we also note that in defendant's last appeal before this Court, we vacated defendant's sentences and ordered resentencing without specific instructions or prohibitions. A vacated sentence is one that has been cancelled, nullified, made void, or invalidated. See Black's Law Dictionary (9th ed), 1688. Therefore, on remand, there were no existing valid sentences to consider; instead, this Court returned the case to the trial court in a presentence posture, allowing the trial court to consider every aspect of defendant's sentence de novo.[5] See *Rosenburg*, 477 Mich 1076. Although the trial court was prohibited from taking action inconsistent with this Court's previous opinion, see *Fisher*, 449 Mich at 446-447, that opinion did not address whether to hold a full resentencing hearing or the assessment of points for various OVs. Therefore, the

---

Therefore, the statute authorizing and requiring consecutive sentencing did not apply. *Alexander*, 234 Mich App at 669.

[4] We note that, unlike in this case, the defendant in *Alexander* was *seeking* a full resentencing.

[5] By contrast, in defendant's initial appeal, we never declared defendant's sentences "vacated" but instead noted that "because the consecutive sentencing in this case was not authorized by statute and we cannot discern from the record whether defendant was appropriately sentenced as a fourth-habitual offender, we remand for resentencing," and we ordered the trial court to address specific issues on remand. *Harper I*, unpub op at 1, 4-6.

trial court's authority on remand extended to allowing a full rehearing regarding the sentencing guidelines, and the trial court did not take action inconsistent with this Court's opinion. See *Rosenburg*, 477 Mich 1076. We accordingly hold that defendant is not entitled to relief on this issue.

Defendant also argues that *People v Bailey*, 310 Mich App 703, 726 n 3; 873 NW2d 855 (2015), required the trial court to specify its grounds for imposing longer concurrent sentences after remand and that it failed to do so in this case. However, the record reflects that the trial court did, in fact, state grounds for imposing longer concurrent sentences after remand, including the increased scores for OV 8 and OV 12 and the increased minimum sentence ranges recommended by the sentencing guidelines.

## II. OV SCORING

Defendant next argues that the prosecution vindictively challenged the scoring of OVs 8 and 12 because defendant was successful in establishing his statutory right to concurrent sentencing, and that the trial court improperly assessed defendant 25 points for OV 12. We disagree.

Defendant failed to raise the issue of prosecutorial vindictiveness before the trial court, leaving this issue unpreserved. Unpreserved claims of prosecutorial misconduct are reviewed for plain error affecting substantial rights. *People v Parker*, 288 Mich App 500, 509; 795 NW2d 596 (2010).

Punishing a person for doing what the law plainly allows him to do is a due-process violation of the most basic sort. *People v Ryan*, 451 Mich 30, 35-36; 545 NW2d 612 (1996). "Prosecutorial vindictiveness" refers to the prosecution's punishment of a person for asserting a statutory or constitutional right in violation of due process. *Id*. at 36. There are two types of prosecutorial vindictiveness, presumed and actual. *Id*. Actual vindictiveness is found only when "objective evidence of an expressed hostility or threat suggests that the defendant was deliberately penalized for his exercise of a procedural, statutory, or constitutional right," and it is the defendant's burden to affirmatively establish actual vindictiveness. *Id*. Presumptive prosecutorial vindictiveness has been found in cases where action detrimental to the defendant was taken after the exercise of a legal right despite a lack of explicit threats or hostility. *United States v Goodwin*, 457 US 368, 373; 102 S Ct 2485; 73 L Ed 2d 74 (1982). To prove presumptive prosecutorial vindictiveness, a defendant must show a reasonable likelihood of vindictiveness. *Id*.

In this case, defendant does not argue that the prosecution overtly threatened to penalize him for asserting his rights in appealing his sentences. See *Ryan*, 451 Mich at 36. Further, we conclude on this record that there is not a reasonable likelihood that the prosecution's actions in requesting that the trial court score OVs 8 and 12 on resentencing were intended to punish the defendant for asserting his rights. There is no evidence that defendant was punished for asserting his statutory right to concurrent sentencing. Defendant has made no legal or factual argument as to why the prosecution's challenge to the scoring of the OVs at the second resentencing was vindictive, other than pointing out that he in fact received longer (although concurrent) sentences on resentencing based, at least in part, on the prosecution's assertion that OVs 8 and 12 had been incorrectly scored. The record reflects that the prosecution admitted that its failure to argue for

the assessment of points for OV 8 and OV 12 was an oversight at the prior sentencings, which failure the prosecution now wished to correct. We conclude that defendant has failed to carry his burden of demonstrating prosecutorial vindictiveness and, therefore, that the trial court did not plainly err by altering defendant's scores for OVs 8 and 12. See *Parker*, 288 Mich App at 509.

Finally, defendant argues that he was improperly assessed 25 points for OV 12.[6] Again, we disagree. Defendant objected to the trial court's assessment at resentencing on the ground that the purported "contemporaneous felonious acts" were in fact subsumed by the charged offenses; this issue is therefore preserved.

For preserved sentencing guideline scoring errors, "the trial court's findings of fact are reviewed for clear error and must be supported by a preponderance of the evidence." *People v McChester*, 310 Mich App 354, 358; 873 NW2d 646 (2015). "Clear error is present when the reviewing court is left with a definite and firm conviction that an error occurred." *Id*. (quotation marks and citation omitted). Preponderance of the evidence means that the evidence, "when weighed with that opposed to it, has more convincing force and the greater probability of truth." *People v Cross*, 281 Mich App 737, 740; 760 NW2d 314 (2008). However, "[w]hether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A scoring error that affects the guidelines range requires resentencing. *People v Francisco*, 474 Mich 82, 92; 711 NW2d 44 (2006).

MCL 777.42 governs OV 12, and provides in relevant part:

(1) Offense variable 12 is contemporaneous felonious criminal acts. Score offense variable 12 by determining which of the following apply and by assigning the number of points attributable to the one that has the highest number of points:

(a) Three or more contemporaneous felonious criminal acts involving crimes against a person were committed ................................................25 points

\* \* \*

(d) One contemporaneous felonious criminal act involving a crime against a person was committed ..........................................................................5 points

A felonious criminal act is contemporaneous if the act occurred within 24 hours of the sentencing offense and it has not resulted, and will not result, in a separate conviction. MCL 777.42(2)(a); *People v Light*, 290 Mich App 717, 722; 803 NW2d 720 (2010). It must be a separate act from the behavior that established the sentencing offense. *Light*, 290 Mich App at 723.

---

[6] Defendant makes no challenge to the validity of the trial court's assessment of points for OV 8.

Defendant was assigned 25 points for committing "three or more contemporaneous felonious criminal acts," but he argues that two of the three acts that were counted toward the assignment of points were subsumed in the charges of which he was convicted and that, therefore, they could not also be counted in scoring OV 12. Specifically, defendant argues, the acts of accosting or soliciting each minor victim could not be used to assess points under OV 12 because they were subsumed under the completed CSC-I and CSC-III. Defendant contends that he should have at most been assessed 5 points for one contemporaneous felonious criminal act.

We are not persuaded. Defendant's CSC-I and CSC-III convictions did not include the additional acts that defendant took to accost, entice, or solicit his victims, but were based solely upon his sexual penetration of the victims and their ages. See MCL 750.520b(2)(b); 750.520d. The record reflects that defendant also lured the victims to his home under the guise of asking their parents if the victims could work around his house in exchange for money and forced them to submit to multiple acts of gross indecency (including urinating in his mouth) in addition to the sexual penetrations. Further, the record reflects that defendant was not charged with at least one additional sexual penetration (which fact defendant does not challenge on appeal).

The additional acts performed by defendant in accosting, enticing, or soliciting minors for immoral purposes and at least one uncharged act of sexual penetration amply support the trial court's assessment of 25 points for OV 12. Three or more contemporaneous felonious criminal acts involving crimes against a person were committed that were separate from the acts establishing the sentencing offenses. See *Light*, 290 Mich App at 723. Accordingly, the trial court did not err by assessing defendant 25 points for OV 12. MCL 777.42(1)(a); See *McChester*, 310 Mich App at 358.

Affirmed.

/s/ Jane E. Markey
/s/ Stephen L. Borrello
/s/ Mark T. Boonstra